**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

INTERNATIONAL UNION OF
OPERATING ENGINEERS,
LOCAL 627,

       Petitioner/Cross-
    Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

       Respondent/Cross-
   Petitioner.

Nos. 14-9605 and 14-9613
(NLRB No. 17-CB-072671)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **GORSUCH**, and **McHUGH**, Circuit
Judges.

The International Union of Operating Engineers, Local 627 challenges an

order of the National Labor Relations Board finding it in violation of the National

Labor Relations Act sections 8(b)(1)(A) and (b)(2).  *See* 29 U.S.C.

§ 158(b)(1)(A), (b)(2).  We affirm.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Stacy Loerwald was an oiler and member of the Union's Oklahoma City chapter. The Union removed Loerwald from its list of work-eligible employees. After the Union denied her access to the list, prevented her from placing her name back on the list, and refused to stamp her unemployment book, she filed unfair labor practice charges. The Union responded that Loerwald had no right to examine the list, that it had removed her name from the list in accordance with standard procedure, and that she had never asked to be placed back on the list.

The administrative law judge (ALJ) agreed with Loerwald that the Union had violated the NLRA by (1) refusing to allow Loerwald to examine the list, (2) removing Loerwald's name from the list, (3) disallowing Loerwald's re-registration on the list, and (4) refusing to stamp Loerwald's unemployment book. In the end, the ALJ found the Union violated sections 8(b)(1)(A) and (b)(2) of the NLRA when it arbitrarily and discriminatorily removed Loerwald from the out-of-work list and denied her repeated requests to see it and be placed back on it.

The Board adopted the findings and conclusions of the ALJ, as well as, with slight modification, the ALJ's order. We have carefully reviewed the record and the Union's contentions on appeal. Instead of challenging the sufficiency of the evidence, the Union criticizes the ALJ's interpretation of the evidence in the record and the ALJ's decision to credit one version of events over another. We decline the invitation to usurp the role of the agency fact-finder. Instead, we conclude the ALJ's determinations are supported by substantial evidence.

We enforce an order "if the Board correctly applied the law and if its findings are supported by substantial evidence in the record as a whole." *Glaziers Local Union 558 v. NLRB*, 787 F.2d 1406, 1411 (10th Cir. 1986). In reviewing this case, we defer to the Board's findings of fact as long as they are supported by "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence review requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *NLRB v. Velocity Express, Inc.*, 434 F.3d 1198, 1201 (10th Cir. 2006) (quoting *NLRB v. Interstate Builders, Inc.*, 351 F.3d 1020, 1028 (10th Cir. 2003)). Moreover, "[c]redibility determinations are particularly within the province of the hearing examiner and the Board, and these are generally entitled to affirmance on review." *NLRB v. Wilhow Corp.*, 666 F.2d 1294, 1299–300 (10th Cir. 1981).

As a member of an exclusive hiring hall, Loerwald had the right to see the out-of-work list. The record shows that on at least eight occasions, the Union denied her requests. For example, on November 23, November 30, December 5, and December 14, 2011, it is undisputed that Loerwald visited the hiring hall and asked to see the list, yet her requests were denied each time. These repeated denials violate section 8(b)(1)(A).

Nor can the Union make a credible challenge to the ALJ's applications of law. The ALJ found that Loerwald's rights were violated under the anti-

retaliation principles set forth in *Wright Line, Inc.*, 251 N.L.R.B. 1083 (1980),

*enfd. on other grounds*, 662 F.2d 899 (1st Cir. 1981). Under *Wright Line*, a union

violates the NLRA when it takes a harmful action against a member in retaliation

for the member's exercise of a right protected by the NLRA. To successfully

allege discriminatory retaliation, an employee must show:

> (1) that the employee/union member engaged in protected activity; (2) the employer/union has knowledge of this act; (3) animus or hostility toward this activity was a motivating factor in the employer/union's decision to take the adverse action in question against the employee/union member. If such a showing is made, the burden of persuasion shifts to the employer/union to show that it would have taken the same action even in the absence of the protected activity.

Ptr. App. at A-12 (citing *NLRB v. Transp. Mgmt. Corp.* 462 U.S. 393 (1983)).

The ALJ properly applied this multi-factor test. Substantial evidence

supports the ALJ's findings of fact and application of *Wright Line* demonstrating

that the Union violated sections 8(b)(1)(A) and (b)(2) of the NLRA by removing

Loerwald from the list and preventing her from re-registering. Loerwald had

engaged in protected activity both by filing an Equal Employment Opportunity

Commission charge and by openly criticizing the Union's management. The

record shows that the Union had knowledge of these protected activities, and the

circumstantial evidence in the record shows that Loerwald suffered disparate

treatment, was not notified of the requirements for remaining on the list, and was

not permitted to re-register despite her obvious desire to do so. Because the

Union did not show that it would have taken the same action in the absence of Loerwald's protected activity, it has not rebutted Loerwald's prima facie showing of discrimination under *Wright Line*.

The factual findings above also adequately support the ALJ's conclusion that the Union breached its duty of fair representation under sections 8(b)(1)(A) and (b)(2) by excluding Loerwald from the out-of-work list and preventing her from replacing her name on the list, thereby preventing her from obtaining a job. These violations also caused employers to discriminate in violation of section 8(a)(3) of the NLRA.  *See* 29 U.S.C. § 158(a)(3).

Finally, substantial evidence supports the finding that the Union violated section 8(b)(1)(A) of the NLRA by arbitrarily and discriminatorily refusing to stamp Loerwald's unemployment book.  The record shows that the Union's secretary would not stamp the book on January 10 and 17, 2012.  As discussed above, Loerwald should have remained on the out-of-work list.  The Union refused to stamp her book because she was not on the list.  Therefore, these refusals were a continuation of the Union's breach of its duty of fair representation.

The Union's petition for review is DENIED.  The Board's cross-application

for enforcement is GRANTED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge